IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 9 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02311-BNB

GREG L. GATRELL,

    Plaintiff,

v.

ADRIENNE G. GREENE, Deputy District Attorney of the Second Judicial District,
BONNIE BENEDETTI, Deputy District Attorney of the Second Judicial District,
INGRID BARRIER, Deputy District Attorney of the Second Judicial District,
CITY AND COUNTY OF DENVER, a municipality,
GERRY WHITMAN, Chief of the Denver Police Department,
JOHN DOE, Deputy Sheriff of the Denver Police Department, and
SECOND JUDICIAL DISTRICT OF COLORADO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Greg L. Gatrell, has filed *pro se* a complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Gatrell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gatrell will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the complaint and finds that it is deficient. First, it appears that the Defendant identified by Mr. Gatrell in the caption of the complaint as "Second Judicial District of Colorado" is not a proper Defendant in this action. Mr.

Gatrell is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It does not appear that the Defendant identified as "Second Judicial District of Colorado" is a person subject to suit pursuant to § 1983.

The complaint also is deficient because it is not clear who Mr. Gatrell intends to sue as a John Doe defendant. In the caption of the complaint, he describes the John Doe defendant as a deputy sheriff of the Denver Police Department. However, in describing the parties to the action in the text of the complaint, Mr. Gatrell does not list any John Doe defendants, although he does list as a defendant an individual identified as Denver Police Department deputy sheriff S. Cannon. It is not clear whether S. Cannon is the John Doe defendant listed in the caption of the complaint. Furthermore, if S. Cannon is not the same person identified as John Doe in the caption, it appears that Mr. Gatrell may be suing more than one John Doe defendant because, at different points in the complaint, he refers to John Doe as a detective in the Denver Police Department crime laboratory and as a deputy sheriff at the Denver County Jail.

Finally, the complaint is deficient because it is not clear against which Defendant or Defendants Mr. Gatrell is asserting each of his claims, and it is not clear exactly what each Defendant did that allegedly violated Mr. Gatrell's constitutional rights. For example, Mr. Gatrell asserts each of his claims against all of the Defendants in both their individual and official capacities. However, he does not assert facts in support of each claim that relate to each and every Defendant. For example, Mr. Gatrell refers in his first claim only to Defendants Greene, Benedetti, and Doe. Similarly, he refers only

to Defendants Greene, Benedetti, and Barrier in his second claim; to Defendants Benedetti and Barrier in his third claim; to Defendant Doe in his fourth claim; and to Defendants Doe, Whitman and the City and County of Denver in his fifth claim. As a result, it does not appear that any claim actually is asserted against all of the Defendants. Furthermore, even with respect to the Defendants specifically referenced in each individual claim, Mr. Gatrell fails to allege what each referenced Defendant did that allegedly violated his rights.

For these reasons, Mr. Gatrell will be ordered to file an amended complaint. Mr. Gatrell must clarify in the amended complaint exactly who he is suing. Although Mr. Gatrell may use fictitious names such as John Doe if he does not know the real names of the individuals who allegedly violated his rights, he must clarify how many John Doe defendants he is suing and he must provide sufficient information about each individual identified as John Doe to allow him or her to be identified for purposes of service.

Mr. Gatrell also is advised that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Gatrell "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gatrell must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Accordingly, it is

ORDERED that Mr. Gatrell file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Gatrell, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Gatrell fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 29, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02311-BNB

Greg L. Gatrell
6668 Casper NW
Canton, OH 44718

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 9/29/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk