IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02311-BNB

GREG L. GATRELL,

    Plaintiff,

v.

ADRIENNE G. GREENE, Deputy District Attorney of the Second Judicial District,
BONNIE BENEDETTI, Deputy District Attorney of the Second Judicial District,
INGRID BARRIER, Deputy District Attorney of the Second Judicial District,
CITY AND COUNTY OF DENVER, a municipality,
GERRY WHITMAN, Chief of the Denver Police Department,
JOHN DOE #1, Deputy Sheriff of the Denver Police Department,
JOHN DOE #2, Deputy Sheriff of the Denver Police Department,
S. CANNON, Deputy Sheriff of the Denver Police Department, and
SECOND JUDICIAL DISTRICT OF COLORADO,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Greg L. Gatrell, initiated this action by filing *pro se* a complaint. On October 28, 2010, Mr. Gatrell filed his first amended complaint. On October 29, 2010, Mr. Gatrell filed a second amended complaint, although it appears that the second amended complaint is identical to the first amended complaint. Mr. Gatrell asserts claims pursuant to 42 U.S.C. § 1983 seeking damages for alleged constitutional deprivations as well as unspecified declaratory and injunctive relief.

Mr. Gatrell has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss any of Mr. Gatrell's claims that are frivolous. A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Gatrell is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the second amended complaint in part pursuant to § 1915(e)(2)(B)(i) & (iii).

The Court must construe the second amended complaint liberally because Mr. Gatrell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Gatrell alleges that, following a jury trial in 2004, he was convicted in the Denver District Court of second degree burglary and two counts of sexual assault. He further alleges that he was sentenced to a total term of twenty years to life in prison. Mr. Gatrell contends that his convictions were overturned in 2007 and that, following a retrial, he was found not guilty on all counts. He asserts five claims for relief in the instant action contending that his constitutional rights were violated in connection with his original trial, while he was being held at the Denver County Jail awaiting retrial, and after he was found not guilty at the conclusion of his second trial. The named Defendants include three deputy district attorneys who prosecuted the criminal case

against him and a defendant named as the Second Judicial District of Colorado, an entity Mr. Gatrell describes as "a political subdivision of the State of Colorado [that] functions as the prosecutorial office headed by the elected district attorney who has a staff of deputy district attorneys." (Doc. #5 at p.3.)

The Court first will address Mr. Gatrell's claims against Defendants Adrienne G. Greene, Bonnie Benedetti, and Ingrid Barrier, the three deputy district attorneys who prosecuted the criminal case against him. Mr. Gatrell specifically alleges that these prosecutors violated his constitutional rights by failing to disclose exculpatory evidence to the defense prior to his first trial and by intimidating a witness from testifying for the defense. However, even assuming these allegations are true, the deputy district attorneys are protected by absolute immunity.

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Furthermore, absolute prosecutorial immunity encompasses claims that the prosecutor "knowingly used false testimony and suppressed material evidence." *Imbler v. Pachtman*, 424 U.S. 409, 413 (1976). "Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors." *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991); *see also Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (concluding that absolute prosecutorial immunity extends to claims of witness intimidation and suppression of evidence)

(abrogated on other grounds by **Wallace v. Kato**, 549 U.S. 384 (2007)). Therefore, the claims for damages against Defendants Greene, Benedetti, and Barrier will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court next will address Mr. Gatrell's claim against the Defendant named as Second Judicial District of Colorado. As noted above, Mr. Gatrell describes this Defendant as "a political subdivision of the State of Colorado [that] functions as the prosecutorial office headed by the elected district attorney who has a staff of deputy district attorneys." (Doc. #5 at p.3.) The Court construes Mr. Gatrell's claim against the Second Judicial District of Colorado as a claim against the Office of the District Attorney for the Second Judicial District.

Mr. Gatrell's claim against the Office of the District Attorney for the Second Judicial District must be dismissed because this Defendant, as an agency of the State of Colorado, is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). The State of Colorado and its agencies are immune from suit in federal court unless the state has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. **See Ellis v. Univ. of Kan. Med. Ctr.**, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. **See id.** at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. **See Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. **See Quern v.**

*Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the Office of the District Attorney for the Second Judicial District is entitled to Eleventh Amendment immunity and the claim against it also will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, the Court will address Mr. Gatrell's claims for unspecified declaratory and injunctive relief. These claims will be dismissed because a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Mr. Gatrell fails to demonstrate a good chance that he will face the same or similar injuries as those asserted in the second amended complaint because he currently resides in Ohio and he does not allege that he will face criminal prosecution in the Denver District Court or be confined at the Denver County Jail in the future. As a result, Mr. Gatrell fails to demonstrate that entry of declaratory or injunctive relief will have any effect on any Defendant's behavior towards him. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). Therefore, because Mr. Gatrell asserts facts that do not support an arguable claim for declaratory or injunctive relief, those claims are legally frivolous and must be dismissed.

The Court will not address at this time the merits of Mr. Gatrell's claims against any other Defendant. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims for damages asserted against Defendants Adrienne G. Greene, Bonnie Benedetti, Ingrid Barrier, and Second Judicial District of Colorado are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). It is

FURTHER ORDERED that the claims for unspecified declaratory and injunctive

relief are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that Defendants Adrienne G. Greene, Bonnie Benedetti, Ingrid Barrier, and Second Judicial District of Colorado are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __5th__ day of __November__, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02311-BNB

Greg L. Gatrell
6668 Casper NW
Canton, OH 44718

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/5/10

              GREGORY C. LANGHAM, CLERK

              By: _____
                   Deputy Clerk