IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02311-REB-KLM

GREG L. GATRELL,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
GERRY WHITMAN, Chief of the Denver Police Department in his individual and official capacities,
S. CANNON, Deputy Sheriff of the Denver Police Department in her individual and official capacities,
JOHN DOE #1, Deputy Sheriff of the Denver Police Department, in his individual and official capacities, and
JOHN DOE #2, Deputy Sheriff of the Denver Police Department, in his individual and official capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Cannon's **Motion to Dismiss** [Docket No. 37; Filed March 11, 2011] (the "Motion").  Defendant Cannon contends that she "did not work on Monday, June 2, 2008," the day on which Plaintiff alleges that some of his documents were seized while he was incarcerated at the Denver County Jail.  *Motion* [#37] at 3; *see Amended Complaint* [Docket No. 6] at 14-15, ¶¶ 47-48 (alleging that Defendant Cannon wantonly and willfully seized Plaintiff's "personal legal paperwork" in order to deny his "right to a fair trial and to destroy his documentation of the misconduct" of other Defendants).  In support of this contention, Defendant Cannon has provided three exhibits: (1) Plaintiff's Inmate Grievance Form [Docket No. 37-1] alleging that a "white legal box" and

"expandable folder" were taken from him in the Denver County Jail; (2) the Affidavit of Sergeant Sonya Gillespie and accompanying Daily Assignment Roster for the Denver County Jail [Docket No. 37-2] demonstrating that Defendant Cannon did not work on June 2, 2008; and (3) the Affidavit of Sharon Cannon [Docket No. 37-3] stating that Defendant Cannon did not work on June 2, 2008 and "never took any documents from Plaintiff's possession in June 2008." Defendant Cannon argues that because she was not working at the Denver County Jail on June 2, 2008, she could not have committed the constitutional violation alleged in Plaintiff's Amended Complaint. She states that "[h]er only involvement [with Plaintiff] was that she signed for the receipt of the grievance [#37-1] on June 5, 2008." *Motion* [#37] at 3.

Defendant Cannon asserts that the Court "may consider materials in addition to the pleadings" when resolving a motion to dismiss "if such materials are matters of public record or are otherwise appropriate for the taking of judicial notice." *Id.* at 3 n.2 (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004); *Kreck v. The City & County of Denver*, No. 10-cv-01474-LTB-MEH, 2011 WL 42613, at *1 (D. Colo. Jan. 6, 2011) (unreported decision)). The Court finds, however, that the exhibits provided by Defendant Cannon are not the type of materials that contain facts subject to judicial notice. *See Arocho v. Nafziger*, 367 F. App'x 942, 952 n.12 (10th Cir. 2010) ("[I]t is improper to decide a motion to dismiss on the basis of evidence submitted by the defendant – that is what summary judgment is for. . . . [A] party's evidentiary materials are not 'court documents' that may be judicially noticed as true[.] . . . Thus, for example, the content of an affidavit generated to support a party's case does not become judicially noticeable fact when the party files the affidavit with the court." (citations omitted)).

Accordingly, the Court hereby notifies the parties that it will treat Defendant Cannon's Motion [#37] as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See Prager v. LaFever*, 180 F.3d 1185, 1188 (10th Cir. 1999) ("[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Before the Court issues a recommendation on the Motion, Plaintiff "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Building and Const. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1496 (10th Cir. 1993) (requiring that "the opposing party be given ten days notice prior to hearing of the motion within which to file opposing affidavits"). Plaintiff is instructed that he has an obligation to "present some evidence to support [his] allegations; mere allegations, without more, are insufficient to avoid summary judgment." *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997).

IT IS HEREBY **ORDERED** that the Court will consider Defendant Cannon's Motion [#37] as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

IT IS FURTHER **ORDERED** that Plaintiff may file additional materials in response to the Motion [#37] on or before **June 7, 2011**.

Dated:  May 24, 2011

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge