IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02311-REB-KLM

GREG L. GATRELL,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
GERRY WHITMAN, Chief of the Denver Police Department in his individual and official capacities,
S. CANNON, Deputy Sheriff of the Denver Police Department in her individual and official capacities,
JOHN DOE #1, Deputy Sheriff of the Denver Police Department, in his individual and official capacities, and
JOHN DOE #2, Deputy Sheriff of the Denver Police Department, in his individual and official capacities,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Cannon's **Motion for Summary Judgment** [Docket No. 37; Filed March 11, 2011] (the "Motion")[1]. Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 50] in opposition to the Motion on June 7, 2011. Defendant Cannon (hereinafter, "Defendant") has not filed a reply.[2] Pursuant to

---

[1] The Motion [#37] was filed as a motion to dismiss, but the Court converted it to a motion for summary judgment on May 24, 2011. *Order* [Docket No. 47]. In accordance with Fed. R. Civ. P. 12(d) and case law from the Court of Appeals for the Tenth Circuit, *see, e.g., Building & Const. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1496 (10th Cir. 1993), the Court granted Plaintiff until June 7, 2011 to file additional materials in response to the Motion. *Id.*

[2] The Court is not required to wait for Defendant to reply before it issues a recommendation regarding disposition of the Motion. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. *Memorandum* [Docket No. 38]. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

## I. Summary of the Case

On October 29, 2011, Plaintiff filed an Amended Complaint [Docket No. 6] in which he claims that Defendant violated the rights guaranteed to him by the Fourth, Sixth, and Fourteenth Amendments[3] while he was incarcerated in the Denver County Jail by seizing "his personal legal paperwork" in order to "deny [his] right to a fair trial and to destroy his documentation of the misconduct" of other Defendants. *Amended Complaint* [#6] at 14-15, ¶¶ 47-48; *see also id.* at 23, ¶¶ 79-80. Plaintiff alleges that he filed a grievance form with the Denver Sheriff's Department to protest the seizure of his legal paperwork. *Id.* at 23, ¶ 79. Defendant attached a copy of this Inmate Grievance Form [Docket No. 37-1] to her Motion.[4] Plaintiff stated on the Form that the "date and time of [the] incident," i.e., the alleged seizure of his legal paperwork, was June 2, 2008 at 10:00 a.m. *Inmate Grievance Form* [#37-1]. Defendant signed the Form to indicate that she received it on June 5, 2008.

---

[3] Plaintiff actually alleges that Cannon violated his "Fifth Amendment Constitutional Right to Due Process." *Amended Complaint* [#6] at 23, ¶ 80. Because the Fifth Amendment only guarantees rights from the federal government and Defendant is a local government official, the Court interprets Plaintiff's claim as alleging a violation of the Due Process Clause of the Fourteenth Amendment. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (stating that a court should interpret a plaintiff's complaint to attempt "to create a better correspondence between the substance of [his claims] and the underlying legal basis").

[4] In his Response, Plaintiff agrees that the copy of the Form [#37-1] provided by Defendant is accurate. *See Response* [#50] at 1.

*Id.*; *Motion* [#37] at 3 (representing that Defendant's only involvement with Plaintiff "was that she signed for the receipt of [his] grievance [form] on June 5, 2008"). Plaintiff alleges that after he filed the Grievance Form, he "eventually received part of his legal paperwork after 10 days." *Amended Complaint* [#6] at 14, ¶ 47. Plaintiff further alleges that the paperwork that was returned to him was flattened and cleared of staples. *Id.* From this fact, Plaintiff infers that the returned paperwork "had been copied." *Id.*

Defendant contends that summary judgment should be entered in her favor pursuant to Fed. R. Civ. P. 56 because it is undisputed that she was not present at the Denver County Jail on the day Plaintiff's legal paperwork was allegedly seized, June 2, 2008. *Motion* [#37] at 3, ¶¶ 5-6.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at

trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Amended Complaint [#6] and Response [#50], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)

(citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Defendant represents that she was not present at the Denver County Jail on the day that Plaintiff's legal paperwork was allegedly seized, June 2, 2008. *Motion* [#37] at 3, ¶¶ 5-6. In support of this representation, Defendant submitted the Affidavit of Sergeant Sonya Gillespie [Docket No. 37-2] and her own Affidavit [Docket No. 37-3]. Both Affidavits state that Defendant was not working at the Denver County Jail on June 2, 2008. Defendant also states as follows in her Affidavit: "I never took any documents from Plaintiff's possession in June 2008. That would have been out of the normal course of my duties." *Affidavit of Defendant* [#37-3] at 2, ¶ 4. Defendant represents that "[h]er only involvement [with Plaintiff] was that she signed for the receipt of [his] grievance [form] on June 5, 2008." *Motion* [#37] at 3. Defendant contends that because she was not present at the Denver County Jail on June 2, 2008, she cannot be responsible for the alleged seizure of Plaintiff's legal paperwork.

Plaintiff does not dispute that Defendant was not present at the Denver County Jail on June 2, 2008. *See Response* [#50] at 2. Instead, Plaintiff contends that "[w]hen Defendant signed the grievance form, she became directly involved and responsible for the return of all of [his] seized documents." *Id.* at 1-2.

As an initial matter, the Court finds that Defendant's evidence conclusively demonstrates that she did not seize Plaintiff's legal paperwork at the Denver County Jail as alleged in the Amended Complaint. It is undisputed that Defendant was not present at

the Jail on the date the paperwork was allegedly seized.

It is also undisputed that Defendant signed for receipt of Plaintiff's Grievance Form [#37-1] on June 5, 2008. Plaintiff argues in his Response that Defendant's failure to return his legal paperwork to him upon receipt of the Grievance Form violated his constitutional rights. This argument fails as a matter of law. The Court of Appeals for the Tenth Circuit has "repeatedly held" that "'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" that prompted their filing. *Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010) (quoting *Larson v. Meek*, 307 F. App'x 777, 780 (10th Cir. 2007)); *accord George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2009) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). As denying a grievance is insufficient to establish liability, merely signing for receipt of a grievance form is certainly insufficient. Here, Plaintiff has provided no evidence that Defendant denied his grievance or was involved in any way in the administrative adjudication process. In fact, Plaintiff does not even allege that Defendant was involved in reviewing his grievance. The mere fact that Defendant signed for receipt of the Grievance Form does not make her responsible for the conduct that prompted its filing or for the administrative actions taken in response to its filing. Because Plaintiff has provided no competent summary judgment evidence suggesting that Defendant did anything beyond signing for receipt of the Grievance Form, the Court concludes that Defendant is entitled to summary judgment in her favor.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's

**Motion for Summary Judgment** [#37] be **GRANTED** and judgment be entered in favor of Defendant and against Plaintiff.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 9, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge