IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02311-REB-KLM

GREG L. GATRELL,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
JOHN DOE #1, Deputy Sheriff of the Denver Police Department, in his individual and official capacities, and
JOHN DOE #2, Deputy Sheriff of the Denver Police Department, in his individual and official capacities,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant City and County of Denver's **Unopposed Motion to Stay Action** [Docket No. 54; Filed August 3, 2011] (the "Motion"). Defendant represents that Plaintiff is currently "at a health care facility for 90 days." *Motion* [#54] at 2.  Accordingly, Defendant represents that it is unable to depose Plaintiff, and it requests a 90-day stay of all proceedings in this case.  *See id.* (explaining that Plaintiff's stay at the health care facility has made him unavailable for a deposition, which has resulted in Defendant being unable to investigate the facts of the case).

Although the stay of proceedings in a case is generally disfavored, the Court has broad discretion to impose a stay "as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D.

Colo. July 6, 2009) (unreported decision); *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

With regard to the first two factors, the parties agree that a stay is warranted. Accordingly, the Court finds that the first two factors weigh in favor of staying the case.

With regard to the third factor, it is certainly more convenient for the Court to stay the case until Plaintiff is medically able to prosecute it.

With regard to the fourth factor, there are no nonparties with significant particularized interests in the case. Accordingly, the fourth factor neither weighs in favor nor against staying the proceedings.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Reasonably accommodating a plaintiff's health care needs clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying the proceedings.

Weighing the relevant factors, the Court finds that a 90-day stay is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that all proceedings in this case are **STAYED** until **November 7, 2011**.

IT IS FURTHER **ORDERED** that the parties will file a joint status report concerning progress in this case and requesting new case management deadlines on or before **November 12, 2011**.

Dated:  August 8, 2011

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                Kristen L. Mix
                                                United States Magistrate Judge