IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02311-REB-KLM

GREG L. GATRELL,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
JOHN DOE #1, Deputy Sheriff of the Denver Police Department, in his individual and official capacities, and
JOHN DOE #2, Deputy Sheriff of the Denver Police Department, in his individual and official capacities,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Denver's Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c)** [Docket No. 60; Filed November 10, 2011] and **Defendant City and County of Denver's Motion to Dismiss for Failure to Prosecute Pursuant to Fed.R.Civ.P. 41(b)** [Docket No. 70; Filed January 4, 2012]. Both Motions are referred to this Court for recommendation. [##62, 71]. Plaintiff has not timely filed a Response to the Motion for Judgment on the Pleadings. The Court has reviewed both Motions, the case file, and the applicable law, and is sufficiently advised on the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendant Denver's Motion for Judgment on the Pleadings [#60] be **GRANTED** and Defendant Denver's Motion to Dismiss [#70] be **DENIED AS MOOT**.

1

## I. Summary of the Case

Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. § 1983 on October 29, 2010, which is the presently governing pleading. [#6]. In an Order issued July 8, 2011, the District Judge adopted the two previously-issued Recommendations [##49, 51], and dismissed certain claims and defendants from the Amended Complaint. *Ord.*, [#52]. Remaining before the Court are Plaintiff's First Claim for Relief against Defendant City and County of Denver ("Denver') and Defendant John Doe #1, and Fifth Claim for Relief against Defendant John Doe #2. In his First Claim for Relief, Plaintiff asserts that Defendant Denver's policies regarding the Denver Police Department's marking and destruction of evidence at the time of his criminal trial in June 2004 violated his due process rights pursuant to the Fifth and Fourteenth Amendments. [#6] at 4, 19-20. Plaintiff alleges that Defendant John Doe #1 was the individual employee of the Denver Police Department who incorrectly marked certain evidentiary items and who improperly destroyed or hid other evidence. *Id.* at 20-21. In his Fifth Claim for Relief, Plaintiff contends Defendant John Doe #2 wrongfully arrested and imprisoned him on September 10, 2008, in violation of his Fourth Amendment rights. *Id.* at 15, 24.

Defendant Denver brings the Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (the "Motion") on the basis that Plaintiff's remaining claim against Denver is precluded by the statute of limitations. *See* [#60]. Pursuant to D.C.COLO.LCivR 7.1C. and Fed. R. Civ. P. 6(d), Plaintiff's response to the Motion was due December 5, 2011. Plaintiff filed a motion requesting an extension of his response deadline on November 29, 2011, which the Court granted on November 30, 2011. [##66, 69]. The Court reset the deadline to December 15, 2011. [#69]. To date, Plaintiff has not filed a response.

Dismissal of Plaintiff's case may be appropriate based on Plaintiff's failure to comply

with the Court's Minute Order establishing a deadline for Plaintiff to file his response. *See* Fed. R. Civ .P. 41(b). In fact, Denver's second motion pending before the Court seeks dismissal of this action due to Plaintiff's failure to prosecute this lawsuit, in light of his failure to respond to the Motion and his apparent refusal to agree to a deposition date. *See* [#70]. While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado's Civil Local Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See, e.g.*, D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *Persik v. Manpower, Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished decision). Given the judicial system's strong preference for resolving cases on their merits, the Court considers the Motion on its merits.

## II. Standard of Review

"Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted). A motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same legal standard as a motion for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6). *Mock v. T. G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."

3

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

**A.     Defendants Denver and John Doe #1**

Defendant Denver argues that Plaintiff's First Claim for Relief is barred by the applicable statute of limitations. The Court agrees.

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994). In Colorado, a two-year statute of limitations applies. *See* Colo. Rev. Stat. § 13-80-102(1)(g), (i) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).

By contrast, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994). Claims brought pursuant to § 1983 "accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Hunt*, 17 F.3d at 1266 (quoting *Johnson v. Johnson County Comm'n Bd.*,

925 F.2d 1299, 1301 (10th Cir. 1991)). "Claims alleging denial of a fair trial are presumed to have accrued at the time the trial concludes." *Johnson*, 925 F.2d at 1301 (citation omitted). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Id.* (citation omitted).

Plaintiff initiated this lawsuit on September 10, 2010, but did not file his initial Complaint until September 21, 2010. [##1, 3]. Accepting the earlier date in consideration of Plaintiff's *pro se* status, all claims accruing before September 10, 2008 are outside of the limitations period and should be dismissed as time-barred.

Here, the allegations against Defendants Denver and John Doe #1 arise from the marking of evidence used during Plaintiff's criminal trial (and alleged destruction of evidence presumably relevant to the criminal trial) which, pursuant to the facts alleged in the Amended Complaint, concluded on June 17, 2004. [#6] at 4. Therefore, Plaintiff's First Claim for Relief against these two Defendants accrued on June 17, 2004, which is nearly four years outside of the applicable limitations period. *Johnson*, 925 F.2d at 1301. Thus, the Court recommends that Defendant's Motion be granted, and Defendant Denver be dismissed with prejudice from this lawsuit as the claim asserted against it is barred by the statute of limitations. The Court *sua sponte* recommends that Defendant John Doe #1 be dismissed with prejudice for the same reason.

**B.     Defendant John Doe #2**

As stated, Plaintiff's Amended Complaint was filed on October 29, 2010. [#6]. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant John Doe #2 has been long expired. While Fed. R. Civ. P. 4(c) requires that the Court effect service for a plaintiff proceeding *in forma pauperis*, such as this Plaintiff, he must still provide sufficient

6

information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). To date, Plaintiff has not provided identifying information to enable the U.S. Marshal to serve Defendant John Doe #2. At this stage of the litigation, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant John Doe #2.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. This matter has been pending since September 2010. Given Plaintiff's apparent reluctance to continue the prosecution of this lawsuit (evidenced by his failure to respond to Defendant's Motion and his alleged failure to communicate with counsel for Defendant Denver), the Court does not anticipate any rectification of Plaintiff's failure to timely identify Defendant John Doe #2. Plaintiff has failed to effect service of Defendant John Doe #2 within one-hundred twenty days of the filing of this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. Therefore, the Court *sua sponte* recommends that Plaintiff's Fifth Claim for Relief and Defendant John Doe #2 be dismissed from this action. The Court recognizes that dismissal of Defendant John Doe #2 at this time will have the effect of a dismissal with prejudice, as any attempt to resuscitate the claim against Defendant John Doe #2 by Plaintiff would be time-barred by the applicable statute of limitations as described above. However, Plaintiff's evident failure to respond to the Motion for Judgment on the Pleadings, and failure to communicate with counsel for Defendants as attested in the Motion to Dismiss, demonstrates a record of conduct delaying the adjudication of his remaining claims, in addition to a record of indifference as to the outcome. For these

7

reasons, the Court recommends dismissal of Defendant John Doe #2, with the effect of dismissal with prejudice.

### IV. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** finding as follows:

1) Plaintiff's First Claim for Relief against Defendants Denver and John Doe #1 should be dismissed with prejudice as barred by the applicable statute of limitations; and

2) Plaintiff's Fifth Claim for Relief against Defendant John Doe #2 should be dismissed with prejudice for Plaintiff's failure to timely identify and serve Defendant John Doe #2 as stated herein.

The Court FURTHER **RECOMMENDS** that Defendant Denver's Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) [#60] be **GRANTED**.

The Court FURTHER **RECOMMENDS** that Plaintiff's Amended Complaint [#6] be **DISMISSED WITH PREJUDICE** in full.

The Court FURTHER **RECOMMENDS** that Defendant City and County of Denver's Motion to Dismiss for Failure to Prosecute Pursuant to Fed.R.Civ.P. 41(b) [#70] be **DENIED AS MOOT**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 23, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge